# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD E. RICKS, | CASE NO. 1:10-cv-02256-SKO PC |
| Plaintiff, | SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| JOHN DOE, et al., | |
| | (Doc. 1) |
| Defendants. | |
| | THIRTY-DAY DEADLINE |

**Screening Order**

**I.      Screening Standard**

Plaintiff Ronald E. Ricks, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 6, 2010. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's

allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  To state a viable claim for relief, Plaintiff must set forth factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at __, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at __, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

## II.     Eighth Amendment Medical Care Claim

### A.     Summary of Claim

Plaintiff is currently incarcerated at California State Prison-Corcoran and he alleges that his morphine prescription was abruptly discontinued in October 2010 following a policy change at the prison.  As a result, Plaintiff went through medication withdrawal, and his chronic back pain and muscle spasms have been exacerbated.

Plaintiff names John Doe, Secretary of the California Department of Corrections and Rehabilitation; Warden Raul Lopez; Chief Medical Officer Edgar Clark; Family Nurse Practitioners Bondoc and Daha, Licensed Vocational Nurse David; and Registered Nurse Smith as defendants. Plaintiff seeks renewal of his pain medication pending a pain management consult and a nerve conductivity test, which was previously ordered on November 9, 2009, and any other relief deemed appropriate.

### B.     Legal Standard

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th

1  Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a
2  purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused
3  by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be
4  manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or
5  it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin
6  at 1060 (internal quotations omitted)).

7      Further, under section 1983, Plaintiff must demonstrate that each named defendant personally
8  participated in the deprivation of his rights. Iqbal, 556 U.S. at __, 129 S.Ct. at 1948-49; Simmons
9  v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588
10 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability
11 may not be imposed on supervisory personnel under the theory of respondeat superior, as each
12 defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at __, 129 S.Ct. at 1948-49;
13 Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the
14 violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d
15 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales
16 v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of
17 Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir.
18 1997).

19     **C.**    **Discussion**

20     Plaintiff's allegation that he suffers from chronic back pain and muscle spasms which require
21 pain medication is sufficient to support the existence of a serious medical need. Lopez v. Smith, 203
22 F.3d 1122, 1131 (9th Cir. 2000); Doty v. County of Lassen, 37 F.3d 540, 546 n.3 (9th Cir. 1994).
23 However, Plaintiff has not adequately linked the named defendants to a knowing disregard of his
24 serious medical needs. Supervisory or managerial personnel may not be sued under section 1983
25 simply because they are legally responsible for the operation of the prison and/or medical care, as
26 Plaintiff alleges in his complaint.

27     With respect to Defendants Bondoc, Daha, David, and Smith, all of whom saw Plaintiff in
28 person at least once in October 2010, Plaintiff's allegations leave unclear how, or if, they were

involved in the issuance of prescription medications and what other prescriptions may have involved. Plaintiff's exhibits indicate that he was on multiple medications; although Plaintiff alleges that his morphine was discontinued, that allegation alone is insufficient to support a claim that his medical needs were being ignored.

The discontinuation of a particular medication, without more, does not support a constitutional claim, regardless of Plaintiff's disagreement with the decision. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). The Eighth Amendment protects Plaintiff not from medical malpractice but from the unnecessary and wanton infliction of pain. Estelle v. Gamble, 429 U.S. 97, 104-06, 97 S.Ct. 285 (1977). As such, a medical care claim must be premised on the knowing disregard of a substantial risk of harm to Plaintiff's health. Farmer, 511 U.S. at 837; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986).

Who was responsible for Plaintiff's pain management and whether Plaintiff was on other pain medications are unclear from the complaint. Although Plaintiff attached exhibits to his complaint, the Court is not required to mine forty pages of exhibits for facts to support Plaintiff's claims. Plaintiff bears the burden of setting forth the facts in support of his claims. Although Plaintiff's allegations need not be lengthy, they must be sufficiently detailed to support a plausible claim against *each* named defendant.

### III. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint. Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at __, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

1 Finally, an amended complaint supercedes the prior complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   December 12, 2011**                    **/s/ Sheila K. Oberto**
                                                              UNITED STATES MAGISTRATE JUDGE