# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD E. RICKS, | CASE NO. 1:10-cv-02256-SKO PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION FOR LACK OF JURISDICTION |
| v. | |
| JOHN DOE, et al., | (Doc. 13) |
| Defendants. | |

Plaintiff Ronald E. Ricks, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 6, 2010. This action is proceeding on Plaintiff's amended complaint, filed on January 30, 2012, on Plaintiff's Eighth Amendment claim for damages against Defendant Bondoc, arising out of the abrupt discontinuation of Plaintiff's morphine prescription, which caused him to suffer severe withdrawal symptoms for two weeks.

On April 3, 2012, Plaintiff filed a motion seeking a preliminary injunction mandating the restoration of the medications he was on prior to his transfer to California State Prison-Corcoran in 2010.

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy," City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted), and for each form of relief sought in federal court, Plaintiff must establish standing, Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009) (citation omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted). This requires Plaintiff to show

1

1  that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must
2  be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged
3  conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or
4  redress the injury. Summers, 555 U.S. at 493 (quotation marks and citation omitted); Mayfield, 599
5  F.3d at 969.

6  In addition, any award of equitable relief is governed by the Prison Litigation Reform Act,
7  which provides in relevant part, "Prospective relief in any civil action with respect to prison
8  conditions shall extend no further than necessary to correct the violation of the Federal right of a
9  particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless
10 the court finds that such relief is narrowly drawn, extends no further than necessary to correct the
11 violation of the Federal right, and is the least intrusive means necessary to correct the violation of
12 the Federal right." 18 U.S.C. § 3626(a)(1)(A).

13 In this action, as set forth in detail in the screening order, there is an actual case or
14 controversy arising out of a past incident involving the abrupt discontinuation of Plaintiff's morphine
15 prescription, which caused him to suffer severe withdrawal symptoms for two weeks. As a result,
16 while Plaintiff has standing to seek damages for the past violation of his rights vis-a-vis the abrupt
17 discontinuation of his morphine prescription on October 11, 2010, he does not have standing to seek
18 any other form of relief and the Court is without jurisdiction to intervene in his current conditions
19 of confinement. 18 U.S.C. § 3626(a)(1)(A); Summers, 555 U.S. at 493; Mayfield, 599 F.3d at 969.

20 Accordingly, Plaintiff's motion for preliminary injunction, filed on April 3, 2012, is
21 HEREBY DENIED for lack of jurisdiction.

23 IT IS SO ORDERED.

24 **Dated:   September 26, 2012**          /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE