1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD E. RICKS, | Case No. 1:10-cv-02256-LJO-SKO (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST BE GRANTED |
| v. | |
| JOHN DOE, et al., | |
| Defendants. | (Doc. 35) |
| _____/ | TWENTY-DAY OBJECTION DEADLINE |

### Findings and Recommendations on Defendant's Exhaustion Motion

## I.    Procedural History

Plaintiff Ronald E. Ricks ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 6, 2010.  This action is proceeding on Plaintiff's amended complaint against Defendant Bondoc ("Defendant") for acting with deliberate indifference to Plaintiff's medical needs, in violation of the Eighth Amendment of the United States Constitution.

On June 6, 2014, Defendant filed a motion for summary judgment based on Plaintiff's failure to exhaust the available administrative remedies in compliance with 42 U.S.C. § 1997e(a).  Fed. R. Civ. P. 56(c); *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), *cert. denied*, 135 S.Ct. 403 (2014).  (Doc. 35.)  Plaintiff filed an opposition on July 2, 2014, Defendant filed a

1    reply on July 9 2014, and the motion was submitted on the record without oral argument pursuant

2    to Local Rule 230(*l*).[1]  (Docs. 36, 37.)

3    **II.    Legal Standard**

4        **A.    Statutory Exhaustion Requirement**

5        Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be

6    brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a

7    prisoner confined in any jail, prison, or other correctional facility until such administrative

8    remedies as are available are exhausted."   42 U.S.C. § 1997e(a).   This statutory exhaustion

9    requirement applies to all inmate suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532, 122

10   S.Ct. 983 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the

11   relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and

12   unexhausted claims may not be brought to court, *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910

13   (2007) (citing *Porter*, 534 U.S. at 524).

14       The failure to exhaust is an affirmative defense, and the defendants bear the burden of

15   raising and proving the absence of exhaustion.   *Jones*, 549 U.S. at 216; *Albino*, 747 F.3d at 1166.

16   "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may

17   move for dismissal under Rule 12(b)(6)."   *Albino*, 747 F.3d at 1166.   Otherwise, the defendants

18   must produce evidence proving the failure to exhaust, and they are entitled to summary judgment

19   under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff,

20   shows he failed to exhaust.   *Id.*

21       **B.    Summary Judgment Standard**

22       Any party may move for summary judgment, and the Court shall grant summary

23   judgment if the movant shows that there is no genuine dispute as to any material fact and the

24   movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted);

25   *Albino*, 747 F.3d at 1166; *Washington Mut. Inc. v. U.S.*, 636 F.3d 1207, 1216 (9th Cir. 2011).

26

27   ----

[1] Plaintiff was provided with contemporaneous notice of the requirements for opposing the motion.  *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012); *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 960-61 (9th Cir. 1998).  (Doc. 35.)

28

Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to by the parties, although it is not required to do so.  Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, *Albino*, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," *id.* at 1172.  If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  *Id.*  "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."  *Id.* at 1166.  However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts."  *Id.*

**III.   Discussion**

   **A.      Allegations Underlying Plaintiff's Eighth Amendment Claim**

Plaintiff filed this action on December 6, 2010, and on January 30, 2012, he filed the amended complaint upon which it proceeds.  Plaintiff alleges that he was transferred to California State Prison-Corcoran ("CSP-Corcoran") on September 13, 2010, where he was seen by medical staff; his medications were reissued; and his pain medication was reissued for thirty days until he could be seen by a primary care physician ("PCP").  At Plaintiff's previous institution, he was designated as a "chronic care" patient due to his chronic back pain and COPD (Chronic Obstructive Pulmonary Disorder).  (Doc. 12, Amend. Comp., court record p. 3, § IV.)

1    On October 11, 2010, Plaintiff was seen by Defendant Bondoc, a family nurse practitioner

2 who was his PCP.  Defendant informed Plaintiff that the California Department of Corrections and

3 Rehabilitation ("CDCR") no longer issued morphine and she would not renew his prescription for

4 it.  Plaintiff showed Defendant his inmate appeal from Pleasant Valley State Prison ("PVSP"), but

5 she refused to continue his morphine prescription or acknowledge he was a "chronic care" patient;

6 and she failed to gradually titrate his morphine dosage downward.  Plaintiff alleges Defendant was

7 well aware that he would experience withdrawal symptoms without his morphine, and that he

8 would have severe pain and muscle spasms which could exacerbate his back condition.

9    Thereafter, Plaintiff saw other medical staff, with the same result; and he alleges that at the

10 time he filed suit in December 2010, he had not received treatment for his pain other than Tylenol

11 and he received no treatment for his morphine withdrawal symptoms.

12        **B.    Defendant's Position**

13    Defendant bears the burden of demonstrating the existence of an available administrative

14 remedy and Plaintiff's failure to exhaust that available remedy.  *Albino*, 747 F.3d at 1172.  Here,

15 there is no dispute that Plaintiff is a state prisoner in the custody of CDCR, and CDCR has an

16 administrative remedy process for inmate grievances.  Cal. Code Regs. tit. 15, § 3084.1;[2] *Williams*

17 *v. Paramo*, __ F.3d __, __, 2015 WL 74144, at *7 (9th Cir. Jan. 7, 2015); *Wilkerson v. Wheeler*,

18 772 F.3d 834, 839 (9th Cir. 2014).  The appeals process generally involves an informal level, a

19 first formal level, a second formal level, and a third and final formal level.  Tit. 15, § 3084.7.[3]  In

20 this case, Defendant argues that although Plaintiff initiated the administrative remedy process

21 prior to filing suit, he filed suit prematurely, before exhausting the process.  42 U.S.C. § 1997e(a);

22 *McKinney v. Carey*, 311 F.3d 1198, 1200-1201 (9th Cir. 2002) (per curiam).

23    In support of her motion, Defendant produced evidence that between the time Plaintiff saw

24 her on October 11, 2010, and the time he filed suit on December 6, 2010, he only initiated only

25 one inmate appeal, a "Reasonable Modification or Accommodation Request" form (CDC 1824)

26 ───────────────
[2] The regulations were amended effective January 28, 2011.  However, both the current regulations and the
27 regulations in effect when Plaintiff submitted his appeal in 2010 provided the same general four-level administrative
remedy process.

28 [3] The four level process prior to the amendments effective on January 28, 2011, was described in § 3084.5.

4

dated October 15, 2010, in which he grieved the discontinuation of his pain medication following his transfer to CSP-Corcoran.  (Doc. 35-4, Motion, Tercero Dec., ¶¶6, 7, Exs. A & B.)   The grievance was converted to an Inmate/Parolee Health Care Appeal (CDCR 602-HC) and assigned log number COR-09-10-14983.[4]  (*Id.*, ¶8, Ex. B.)   The appeal bypassed the informal level of review, was accepted at the first level of review on October 19, 2010, and denied on December 2, 2010.  (*Id.*)  Plaintiff received the appeal response on December 27, 2010, and submitted the appeal to the second level of review.  (*Id.*, Ex. B.)   The appeal was again denied, and Plaintiff submitted it to the third and final level of review, where it was denied on July 27, 2011.  (Doc. 35-5, Robinson Dec., ¶10.)

Defendant argues that given Plaintiff's decision to file suit prior to completion of the administrative remedy process on July 27, 2011, she is entitled to judgment for failure to exhaust in compliance with section 1997e(a).

### C.  **Plaintiff's Position**

Plaintiff filed an opposition but it is non-responsive to the argument that he failed to exhaust his claim prior to filing suit.  Instead, Plaintiff asserts that an amended complaint supercedes the original complaint, and he cites to *Irvin v. Yates*, No. 1:10-cv-01940-AWI-SAB (PC), 2014 WL 68816 (E.D.Cal. 2014), for the proposition that Defendant must be required to answer his amended complaint.[5]  To the extent Plaintiff is arguing he exhausted his appeal prior to filing the amended complaint, that issue will be addressed below.  Plaintiff's citation to *Irvin* is puzzling, as *Irvin* concerned a screening order dismissing a pro se prisoner's complaint, with leave to amend, for failure to file a short and plain statement in compliance with Fed. R. Civ. P. 8(a). The Court can discern no relevance between the *Irvin* decision and the issue of administrative exhaustion raised in this case.

///

[4] At that time, a CDC 1824 Reasonable Modification or Accommodation Request allowed qualified or eligible inmates with disabilities to "request modification or accommodation to achieve access to a program, service, or activity offered by the facility" or to "grieve an issue of alleged discrimination based on disability."  Tit. 15, § 3085(a).  Section 3085 was repealed pursuant to the amendments that became operative on January 28, 2011.

[5] Plaintiff provided the Lexis citation, 2014 U.S. Dist. Lexis 2120.

**D.    Findings**

**1.    Appeal Log Number COR-09-10-14983, Dated October 15, 2010**

**a.    Chronology**

Prior to transferring to CSP-Corcoran in September 2010, medical staff at other prisons had prescribed Plaintiff morphine for pain relief.  (E.g., Amend. Comp., court record p. 14.)  However, on October 11, 2010, Defendant, who was Plaintiff's PCP, informed him that CDCR no longer issues morphine; and on October 13, 2010, the Pain Committee reviewed Plaintiff's case and determined that he would be weaned from morphine.  (*Id.*, court record p. 29.)  Plaintiff alleges he was not weaned from the drug, his pain was inadequately treated by Tylenol, and he was not treated for his withdrawal symptoms.

On October 15, 2010, Plaintiff submitted an inmate appeal grieving the decision to discontinue his morphine.  Plaintiff initiated the appeal on a CDC 1824 "Reasonable Modification or Accommodation Request" form but it was converted to a CDC 602 "Inmate/Parolee Health Care Appeal."  The appeal was denied at every level of review, and it was exhausted on July 27, 2011, when it was denied at third and final level of review.  However, Plaintiff initiated this suit on December 6, 2010, before the completion of the appeals process.  Approximately six months after exhausting his appeal, Plaintiff filed an amended complaint.

**b.    Sufficiency of Appeal**

As an initial matter, the Court finds that the appeal initiated on October 15, 2010, sufficed to exhaust Plaintiff's claim against Defendant.  An appeal "suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress."  *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010).  "[T]he prisoner need only provide the level of detail required by the prison's regulations," and during the relevant time period, "[t]he California regulations require[d] only that an inmate describe the problem and the action requested."  *Sapp*, 623 F.3d at 824 (citations and internal quotation marks omitted).  While the standard provides a low floor, it advances the primary purpose of a grievance, which is to notify the prison of a problem.  *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (quotation marks and citations omitted); *accord Akhtar v. Mesa*, 698 F.3d 1202, 1211 (9th Cir. 2012).  Here, Plaintiff's appeal alerted the prison to

1 the nature of the wrong for which redress is now sought – the discontinuation of his morphine

2 prescription – and it was therefore sufficient to exhaust his Eighth Amendment claim.  *Sapp*, 623

3 F.3d at 824 (quotation marks omitted); *accord Akhtar*, 698 F.3d at 1211.

4                      **c.**       **Effect of Exhaustion Occurring Between Original and**

5                                **Amended Complaints**

6        The relevant issue in this case is the effect of exhausting the administrative remedies

7 between filing suit and filing the amended complaint.  In *Cano v. Taylor*, 739 F.3d 1214, 1220

8 (9th Cir. 2014), the Ninth Circuit held that "claims that arose as a cause of action prior to the filing

9 of the initial complaint may be added to a complaint via amendment, as long as they are

10 administratively exhausted prior to the amendment."   However, *Cano* involved a plaintiff who

11 filed suit alleging an Eighth Amendment violation arising out of deficient mental health care.

12 *Cano*, 739 F.3d at 1215-16.  The plaintiff later amended to add First and Fourteenth Amendments

13 claims arising from violations of his right to freely exercise his religion and denial of access to the

14 courts.  *Id.* at 1216.  Although the First and Fourteenth Amendments claims arose as causes of

15 action prior to the filing of suit, the plaintiff did not bring the claims until they were exhausted, at

16 which time he filed an amended complaint adding them.  *Id.* at 1220.  In reversing the district

17 court's dismissal of the First and Fourteenth Amendment claims for failure to exhaust prior to

18 filing suit, the Ninth Circuit stated that allowing claims to be added in an amended complaint so

19 long as they are exhausted prior to amendment "serves the policies underlying the PLRA," the

20 purpose of which "is to discourage frivolous prisoner lawsuits and reduce resulting costs on

21 society by decreasing the burden on the courts."  *Id.* (citing *Madrid v. Gomez*, 190 F.3d 990, 996

22 (9th Cir. 1999)).  "[T]he policy goals of the PLRA" would not be served, on the other hand, by

23 "forcing the plaintiff to file a separate suit regarding his First Amendment freedom of religion and

24 access to the courts claims . . . because plaintiff could proceed to file those claims as a separate

25 action (the district court having dismissed them without prejudice)."  *Id.* at 1220-21.

26        In her reply, Defendant argues that to the extent Plaintiff is contending he exhausted prior

27 to filing his amended complaint and the amended complaint supercedes the original complaint,

28 *Cano* does not control here.  The Court agrees.

Unlike in *Cano*, Plaintiff's Eighth Amendment claim against Defendant for discontinuing his morphine, failing to treat his pain, and failing to treat his morphine withdrawal was alleged in his original complaint.  At that time, his appeal was pending but had not been exhausted.  While the appeal was subsequently exhausted prior to the date Plaintiff filed an amended complaint realleging his Eighth Amendment claim against Defendant, this is precisely the circumstance prohibited by the language of section 1997e(a) and subsequent cases analyzing the statute.  To wit, "[b]eyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter*, 534 U.S. at 524-25; *Cano*, 739 F.3d at 1219; *McKinney*, 311 F.3d at 1200-1201.  "Requiring dismissal without prejudice when there is no presuit exhaustion provides a strong incentive that will further . . . Congressional objectives; permitting exhaustion *pendente lite* will inevitably undermine attainment of them." *McKinney*, 311 F.3d at 1200.  "While it is true that requiring dismissal may, in some circumstances, occasion the expenditure of additional resources on the part of the parties and the court, it seems apparent that Congress had made a policy judgment that this concern is outweighed by the advantages of requiring exhaustion prior to filing suit." *Id.*

Whatever tension with prior precedent may have been created by the holding in *Cano*,[6] that tension does not reach this case because unlike Mr. Cano, Plaintiff filed suit against Defendant Bondoc for violating his rights under the Eighth Amendment as related to the discontinuation of his morphine prescription prior to exhausting the administrative remedies.  Subsequent exhaustion during the pendency of this action does not cure that deficiency, and Defendant is entitled to judgment unless there is evidence of exhaustion vis a vis a different inmate appeal. *McKinney*, 311 F.3d at 1200.

///

///

///

---

[6] *See Cano*, 739 F.3d at 1221-22 (Silverman, J., dissenting in part) (court duty bound to follow precedent, which prohibits prisoners from filing first and exhausting later, as Cano did).

1

**2.      Appeals Submitted Prior to Transfer to CSP-Corcoran**

2      In his original complaint, Plaintiff alleged that he had an ADA appeal pending,[7] and he

3   alleged he had three appeals regarding his pain medication, attached as exhibits, that were granted

4   at the second level of review.  (Doc. 1, Comp., § II(C).)  Given Plaintiff's allegations and exhibits,

5   the possibility, however remote, that an earlier appeal may have sufficed to exhaust Plaintiff's

6   claim must be considered.  *Wilkerson*, 772 F.3d at 839-40; *Sapp*, 623 F.3d at 824.

7      Appeal log number PVSP-27-08-19412 was denied at the third level of review on February

8   9, 2010; appeal log number PVSP-2-09-15073 was denied at the third level of review on April 21,

9   2010; and appeal log number PVSP-27-09-15858 was denied at the third level of review on June

10  8, 2010.  (*Id.*, court record pp. 6-8, 14-16, 32-24.)  All three appeals, which were exhausted prior

11  to the filing of this suit, grieved disruptions to Plaintiff's pain medication at PVSP, disruptions

12  caused by issues with prison's the prescription renewal/refill system.   None of these appeals

13  concerned CDCR's discontinuation of morphine, however.  Appeals concerning problems with the

14  renewal/refill system at PVSP which caused Plaintiff to sporadically miss dosages of his pain

15  medication do not suffice to exhaust a claim arising from the subsequent discontinuation of his

16  morphine prescription in October 2010 pursuant to CDCR policy or a claim arising from the

17  abrupt discontinuation of morphine without titration, the failure to provide adequate alternative

18  pain relief, or the failure to treat morphine withdrawal symptoms.  *Sapp*, 623 F.3d at 824.

19     In his amended complaint, Plaintiff again attached appeal log number PVSP-27-08-19412

20  and alleged it was granted at the second level of review; and he again attached appeal log number

21  PVSP-2-09-15073.   However, as discussed in the preceding paragraph, these appeals do not

22  suffice to exhaust Plaintiff's claim in this action, *Sapp*, 623 F.3d at 824, regardless of which level

23  they might have been found to be exhausted, *Harvey v. Jorda*n, 605 F.3d 681, 685 (9th Cir. 2010).

24  Accordingly, the appeals filed and exhausted prior to the filing of this action on December 6,

25  2010, do not satisfy the section 1997e(a) exhaustion requirement with respect to this action.

26  *McKinney*, 311 F.3d at 1200.

27  ///

28

─────────────────────

[7] Appeal log number COR-09-10-14983, submitted on October 15, 2010, and exhausted on July 27, 2011.

1  **IV.    Conclusion and Recommendation**

2          Based on the foregoing, the Court finds that Plaintiff failed to exhaust his claim against

3  Defendant prior to filing suit and Defendant is entitled to judgment.  *Albino*, 747 F.3d at 1166;

4  *Akhtar*, 698 F.3d at 1210; *McKinney*, 311 F.3d at 1200.    Therefore, the Court HEREBY

5  RECOMMENDS that Defendant's motion for summary judgment for failure to exhaust, filed on

6  June 6, 2014, be GRANTED.

7          These Findings and Recommendations will be submitted to the United States District

8  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).    Within

9  **twenty (20) days** after being served with these Findings and Recommendations, the parties may

10  file written objections with the Court.  Local Rule 304(b).  The document should be captioned

11  "Objections to Magistrate Judge's Findings and Recommendations."  Responses, if any, are due

12  within **ten (10) days** from the date the objections are filed.  Local Rule 304(d).  The parties are

13  advised that failure to file objections within the specified time may result in the waiver of rights on

14  appeal.  *Wilkerson*, 772 F.3d at 838-39 (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir.

15  1991)).

16

17  IT IS SO ORDERED.

18      Dated:   **February 17, 2015**                    **/s/ Sheila K. Oberto**
                                                 UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28